UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROMIK AMINOV, SHERZOD ASROROV, SERGEJS DEMARCUKS, MYKOLO PETRIANYK, and DZHURA AMINOV, | Index No.: |
| Plaintiffs, | COMPLAINT |
| -against- | |
| EC COMMODITIES CORP. and THOMAS PETRIZZO, individually, | Plaintiffs Demand a Trial by Jury |
| Defendants. | |

Plaintiffs ROMIK AMINOV, SHERZOD ASROROV, SERGEJS DEMARCUKS, MYKOLO PETRIANYK, and DZHURA AMINOV (hereinafter, all plaintiffs shall be collectively referred to as "Plaintiffs"), by and through their attorneys Levine & Blit, PLLC, complaining of defendants, EC COMMODITIES CORP. ("EC Commodities") and THOMAS PETRIZZO, individually ("Mr. Petrizzo") (hereinafter, all defendants shall be collectively referred to as "Defendants"), hereby alleges:

### NATURE OF THE ACTION

1. This is an action brought to remedy unpaid wages and unpaid overtime wages in willful violation of the Fair Labor Standards Act of 1938, as amended ("FLSA") and unpaid wages, unpaid overtime wages, and unreimbursed expenses in willful violation of the New York Labor Law ("NYLL").

2. Plaintiffs seek declaratory and injunctive relief; an award of monetary damages for the economic losses caused by Defendants' unlawful conduct, including lost minimum wages, overtime wages, and unreimbursed expenses; an award of liquidated damages under the

1

FLSA and the NYLL; Plaintiffs' reasonable attorney's fees; prejudgment interest on the total amount of unpaid wages pursuant to the Labor Law; costs of this action; and any such other and further relief this Court deems just and equitable.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to Plaintiffs' claims occurred in the Eastern District of New York.

## THE PARTIES

5. Romik Aminov is a resident of the State of New York, Kings County, who began working for Defendants on or about May 2014.

6. Sherzod Asrorov is a resident of the State of New York, Kings County, who began working for Defendants on or about May 2014.

7. Sergejs Demarcuks is a resident of the State of New York, Kings County, who began working for Defendants on or about May 2014.

8. Mykolo Petrianyk is a resident of the State of New York, Kings County, who began working for Defendants in or about November 2014.

9. Dzhura Aminov is a resident of the State of New York, Kings County, who began working for Defendants on or about May 2014.

10. Upon information and belief, EC Commodities is a foreign corporation, duly organized and existing in the State of New Hampshire, doing business in New York and with a principal office address at 111 Cherry Valley Ave, Suite WPH6, Garden City, NY 11530.

11. Upon information and belief, Mr. Petrizzo is the President and sole member of the Board of Directors for EC Commodities, and controlled the terms and conditions of Plaintiffs' employment, including but not limited to their hiring, duties, responsibilities, and compensation.

12. Upon information and belief, Defendants are engaged in the construction business, specializing in deconstruction.

13. At all times relevant to this action, Defendants were an "enterprise" and an "enterprise engaged in interstate commerce" as defined by the FLSA, 29 U.S.C. §§ 203(s), and, thus, an entity covered by the FLSA.

14. Defendants have (a) employees engaged in commerce or in the production of goods for commerce, or have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (b) an annual gross volume of sales in excess of five hundred thousand dollars ($500,000.00).

15. At all times relevant to this action, Plaintiffs were "employees" of Defendants within the meaning of applicable federal and state statutes and regulations.

16. At all times relevant to this action, Defendants were "employers" of Plaintiffs within the meaning of applicable federal and state statutes and regulations.

**FACTUAL ALLEGATIONS**

17. From May 2014 until January 2015, Plaintiffs were employed by Defendants to perform construction work at the Hagerstown Power Plant located at 500 Eastern Blvd Square, Hagerstown, Maryland 21740 (the "Power Plant").

18. On or about May 22, 2014, Plaintiffs negotiated the terms of their employment within New York State and agreed to the terms of employment, as proposed by Mr. Petrizzo, within New York State.

19. Per the terms of their agreement, Romik Aminov was to be paid $3,000.00 per week for his services.

20. Per the terms of their agreement, Sherzod Asrorov, Sergejs Demarcuks, and Mykolo Petrianyk were to be paid varying hourly rates for their services. However, their hourly rates widely fluctuated from week to week.

21. Throughout his employment, Sherzod Asrorov was paid at an hourly rate of up to $25.00 per hour.

22. Throughout his employment, Sergejs Demarcuks was paid at an hourly rate of up to $30.00 per hour.

23. Throughout his employment, Mykolo Petrianyk was paid at an hourly rate of up to $25.00 per hour.

24. Throughout his employment, Dzhura Aminov was to be paid $1,200.00 per week for his services.

25. Furthermore, pursuant to the terms of their employment, Plaintiffs were required to travel to and stay in Hagerstown, Maryland for the duration of their employment. Defendants agreed to reimburse Plaintiffs for any such travel-related costs and to pay for their housing accommodations.

26. Plaintiffs performed their duties without any issues and were paid weekly through EC Commodities for several months.

27. Plaintiffs regularly worked overtime and would work as many as eighty (80) hours per week, for which they were compensated accordingly for the initial months that they were paid.

28. However, beginning with the week ending on December 17, 2014, Plaintiffs were abruptly not paid their wages and were not given an explanation for Defendant's failure to pay.

29. Complainants continued to perform their duties for the next few weeks upon promises of payment, including overtime, but were never compensated for the work performed.

30. Plaintiffs subsequently complained of Defendants' failure to pay their wages.

31. Furthermore, Plaintiffs never received the promised reimbursements for travel and housing.

32. Defendants were aware or should have been aware that their pay practices were in violation of the FLSA and the NYLL, but continued to willfully engage in these unlawful pay practices.

33. As such, Plaintiffs have suffered lost minimum wages, overtime wages, and unreimbursed expenses as a direct result of Defendants' unlawful practices.

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS**
**(Unpaid Minimum Wages in Violation of the FLSA)**

34. Plaintiffs hereby repeat and reallege each allegation contained in paragraphs numbered 1 through 33, as if fully set forth herein.

35. Defendants were the employers of Plaintiffs within the meaning of the FLSA.

36. Plaintiffs were non-exempt employees of Defendants pursuant to the FLSA.

37. Plaintiffs worked for Defendants on a weekly basis, as described above, but were not paid for their work starting from the week ending on December 17, 2014.

38. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and they have not made a good faith effort to comply with the

FLSA with respect to the compensation of Plaintiffs. As such, Defendants' noncompliance with the FLSA was willful.

39. As a proximate result of Defendants' unlawful conduct, Plaintiffs have suffered and continue to suffer economic damages in the form of unpaid minimum wages in an amount to be determined at trial and is entitled to recover the value of those unpaid minimum wages plus an equivalent amount of liquidated damages pursuant to the FLSA.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS
(Unpaid Overtime Wages in Violation of the FLSA)

40. Plaintiffs hereby repeat and reallege each allegation contained in paragraphs numbered 1 through 39, as if fully set forth herein.

41. Defendants were the employers of Plaintiffs within the meaning of the FLSA.

42. Plaintiffs were non-exempt employees of Defendants pursuant to the FLSA.

43. Plaintiffs worked in excess of forty (40) hours per week for Defendants on a weekly basis, as described above, but were denied all overtime wages starting from the week ending on December 17, 2014.

44. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and they have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs. As such, Defendants' noncompliance with the FLSA was willful.

45. As a proximate result of Defendants' unlawful conduct, Plaintiffs have suffered and continue to suffer economic damages in the form of unpaid overtime wages in an amount to be determined at trial and is entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated damages pursuant to the FLSA.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS
### (Unpaid Minimum Wages in Violation of the NYLL)

46. Plaintiffs hereby repeat and reallege each allegation contained in paragraphs numbered 1 through 45, as if fully set forth herein.

47. Defendants were the employers of Plaintiffs within the meaning of the NYLL.

48. Plaintiffs were non-exempt employees pursuant to the NYLL.

49. Plaintiffs worked for Defendants on a weekly basis, as described above, but were not compensated for their work starting from the week ending on December 17, 2014.

50. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and they have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiffs. As such, Defendants' noncompliance with the NYLL was willful.

51. As a proximate result of Defendants' unlawful conduct, Plaintiffs have suffered and continue to suffer economic damages in the form of lost compensation in an amount to be determined at trial and are entitled to recover the value of that unpaid compensation plus an equivalent amount of liquidated damages and prejudgment interest pursuant to the NYLL.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Unpaid Overtime Wages in Violation of the NYLL)

52. Plaintiffs hereby repeat and reallege each allegation contained in paragraphs numbered 1 through 51, as if fully set forth herein.

53. Defendants were the employers of Plaintiffs within the meaning of the NYLL.

54. Plaintiffs were non-exempt employees pursuant to the NYLL.

55. Plaintiffs worked in excess of forty (40) hours per week for Defendants on a weekly basis, as described above, but were denied all overtime wages starting from the week ending on December 17, 2014.

56. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and they have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiffs. As such, Defendants' noncompliance with the NYLL was willful.

57. As a proximate result of Defendants' unlawful conduct, Plaintiffs have suffered and continue to suffer economic damages in the form of unpaid overtime wages in an amount to be determined at trial and are entitled to recover the value of that unpaid overtime wages plus an equivalent amount of liquidated damages and prejudgment interest pursuant to the NYLL.

**FIFTH CAUSE OF ACTION AGAINST DEFENDANTS**
**(Unreimbursed Expenses in Violation of the NYLL)**

58. Plaintiffs hereby repeat and reallege each allegation contained in paragraphs numbered 1 through 57, as if fully set forth herein.

59. Defendants were the employers of Plaintiffs within the meaning of the NYLL.

60. Plaintiffs were non-exempt employees pursuant to the NYLL.

61. Plaintiffs incurred travel and accommodation expenses in connection with their employment with Defendants, but were not reimbursed for such expenses.

62. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and they have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiffs. As such, Defendants' noncompliance with the NYLL was willful.

63. As a proximate result of Defendants' unlawful conduct, Plaintiffs have suffered and continue to suffer economic damages in the form of unpaid overtime wages in an amount to be determined at trial and are entitled to recover the value of that unpaid overtime wages plus an equivalent amount of liquidated damages and prejudgment interest pursuant to the NYLL.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment containing the following relief:

a) An order declaring Defendants have violated the provisions of the FLSA and the NYLL relating to payment of unpaid wages, minimum wages, overtime wages, and unreimbursed expenses;

b) An order enjoining Defendants from engaging in the unlawful activities alleged above;

c) An order awarding monetary damages for Plaintiffs' economic losses in the form of unpaid wages, minimum wages, overtime wages, and unreimbursed expenses;

d) An order awarding liquidated damages to Plaintiffs under the FLSA and the NYLL in an amount equal to the total amount of unpaid wages, minimum wages, overtime wages, and unreimbursed expenses;

e) An award of prejudgment interest on the unpaid wages, minimum wages, overtime wages, and unreimbursed expenses owed to Plaintiffs pursuant to the NYLL;

f) An award of Plaintiffs' reasonable attorneys' fees pursuant to the FLSA and the NYLL;

g) An award of the Plaintiffs' costs of this action; and

h) Any such other and further relief this Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

Dated: August 26, 2016
      New York, New York                      LEVINE & BLIT, PLLC

                                                  /s/ Matthew J. Blit
                                                  Matthew J. Blit
                                                  *Attorneys for Plaintiffs*
                                                  350 Fifth Avenue, Suite 4020
                                                  New York, NY 10118
                                                  (212) 967-3000
                                                  mblit@levineblit.com