UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ROMIK AMINOV, SHERZOD ASROROV, SERGEJS
DEMARCUKS, MYKOLO PETRIANYK, and
DZHURA AMINOV,

                    Plaintiffs,

   -against-

EC COMMODITIES CORP. and THOMAS PETRIZZO,
individually,

                    Defendants.
------------------------------------------------------------------------x

**REPORT &
RECOMMENDATION**
16-CV-4800 (AMD) (SMG)

STEVEN M. GOLD, U.S. Magistrate Judge:

## INTRODUCTION

Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA") and under New York Labor Law ("NYLL"). Compl. ¶ 1, Docket Entry 1. Upon plaintiffs' application and in light of defendants' failure to defend this action, the Clerk of the Court noted the default of defendant, EC Commodities, Corp. ("EC Commodities"), on January 23, 2017.[1] Docket Entry 12.

United States District Judge Ann Donnelly has referred this case to me to report and recommend on the amount of damages and other relief, if any, to be awarded. *See* Order dated March 1, 2017. Plaintiffs have submitted a memorandum of law and the declaration of Bryan J. An, along with exhibits and affidavits of plaintiffs Sherzod Asrorov and Dzhura Aminov, in support of their motion. Docket Entry 15. Based upon the evidence submitted, I respectfully recommend that a default judgment be entered with respect to plaintiffs' FLSA claims and

---

[1] All proceedings with respect to individual defendant Thomas Petrizzo have been stayed in light of his having filed for bankruptcy protection. *See* Memorandum in Support of Motion for Default Judgment Against EC Commodities Corp. ("Mem. in Supp. of Def. J.") at 1, Docket Entry 15-13; Order dated January 13, 2017.

denied with respect to plaintiffs' NYLL claims. I further recommend that plaintiffs be awarded a total of $22,484.58 in unpaid overtime wages and liquidated damages and $600 in costs.

**FACTS**

Plaintiffs, Romik Aminov, Sherzod Asrorov, Sergejs Demarcuks, Mykolo Petrianyk, and Dzhura Aminov (collectively, "Plaintiffs"), were hired by defendant Thomas Petrizzo, principal and co-owner of EC Commodities (collectively "Defendants"), on or about May 22, 2014 to perform construction work at a site in Hagerstown, Maryland. Compl. ¶¶ 10-11, 17-18; Memorandum in Support of Motion for Default Judgment Against EC Commodities Corp. ("Mem. in Supp. Of Def. J.") at 2, Docket Entry 15. The parties were offered the following rates of pay by Petrizzo in Kings County, New York:

- Romik Aminov would be paid $3,000 per week;
- Sherzod Asrorov would be paid an hourly rate of up to $25 per hour;
- Sergejs Demarcuks would be paid an hourly rate of up to $30 per hour;
- Mykolo Petrianyk would be paid an hourly rate of up to $25 per hour; and
- Dzhura Aminov would be paid $1,200 per week.

Compl. ¶¶ 18-24; Mem. in Supp. Of Def. J. at 2. Plaintiffs, each of whom resides in New York, were also told that expenses they incurred for lodging and travel from New York to Hagerstown, Maryland would be reimbursed. Compl. ¶ 25.

Plaintiffs allege in their complaint that they worked from May 2014 until January 2015 and were properly paid throughout this time until the week ending December 17, 2014, when—without explanation—they were not paid at all. Compl. ¶¶ 17, 28. Plaintiffs accordingly seek damages, including unpaid wages, unpaid overtime compensation, and liquidated damages, for

the work they performed during the weeks of December 17 and December 24, 2014, as well as reimbursement of their expenses for lodging and travel.

## DISCUSSION

*A. Legal Standards*

    i. <u>Default Judgment</u>

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. *See Shariff v. Beach 90th St. Realty Corp.*, 2013 WL 6835157, at *3 (E.D.N.Y. Dec. 20, 2013). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, once a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the court may, on a plaintiff's motion, enter a default judgment against that defendant. Fed. R. Civ. P. 55(b)(2).

A defendant who fails to answer or defend is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d. Cir. 1992); *Morales v. B&M Gen. Renovation Inc.*, 2016 WL 1266624, at *2 (E.D.N.Y. Mar. 9, 2016), *report and recommendation adopted by*, 2016 WL 1258482 (E.D.N.Y. Mar. 29, 2016). "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Labarbera v. ASTC Labs. Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (citation and quotation marks omitted); *see also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). A court therefore retains the discretion to determine whether a final default judgment is appropriate. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90,

95 (2d Cir. 1993). In exercising that discretion, courts recognize that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," and only when there are well-pleaded factual allegations should a court "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

 B. *Liability*

  Plaintiffs assert their claims for unpaid minimum and overtime wages under the FLSA in their first two causes of action, Compl. ¶¶ 34-45, and under the NYLL in their third and fourth causes of action, Compl. ¶¶ 46-57. Plaintiffs' fifth cause of action seeks unreimbursed expenses under the NYLL. Compl. ¶¶ 58-63. I address each claim in turn.

  I turn first to whether plaintiffs have adequately alleged that their employment with the defendants is covered by the FLSA. The FLSA provides that "[e]very employer shall pay to each of his employees . . . who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, . . . [wages] not less than the minimum wage rate in effect under subsection (a)(1) of this section." 29 U.S.C. § 206(b). An enterprise is engaged in commerce where, in relevant part, it "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" and where its "annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(i)-(ii). Commerce is, in turn, defined as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof."

4

29 U.S.C. § 203(b). *See also Mejia v. East Manor USA Inc.*, 2013 WL 3023505, at *2 (E.D.N.Y. Apr. 19, 2013).

Thus, a plaintiff in a FLSA action must establish: 1) that an employer-employee relationship exists, and 2) that the employer is engaged in interstate commerce. *See* 29 U.S.C. § 206(b). The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee," and a "person" as, among other things, either an individual or a corporation. 29 U.S.C. § 203(d), (a). Plaintiffs have alleged that the corporate defendant, EC Commodities, employed them to perform construction work. Compl. ¶¶ 12, 17. Plaintiffs have thus alleged sufficient facts to establish that EC Commodities was their employer under the FLSA.

The second prong of a claim under the FLSA requires that a plaintiff establish that he or she was engaged in interstate commerce, or was employed by an enterprise engaged in interstate commerce. 29 U.S.C. § 206(b). An enterprise is engaged in interstate commerce if it has employees engaged in commerce and has an annual gross volume of sales made or business done of not less than $500,000. 29 U.S.C. § 203(s)(1). The complaint alleges that the defendant construction company has employees "engaged in commerce or in the production of goods for commerce, or . . . handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," and that it has "an annual gross volume of sales" exceeding $500,000. Compl. ¶ 14. The complaint also alleges that plaintiffs were hired in New York to perform construction work in Maryland. Compl. ¶¶ 17-18. These allegations are sufficient to establish that the defendant EC was engaged in interstate commerce and is thus subject to liability under the FLSA. *See Shim v. Millennium Grp.*, 2009 WL 211367, at *3 (E.D.N.Y. Jan. 28, 2009) ("[T]he test is met if employees . . . merely handled supplies or

5

equipment that originated out-of-state").

The statute of limitations for wage and hour claims under federal law is two years. 29 U.S.C. § 255(a). As noted above, the violations at issue here took place in December of 2014, and this action was brought in August 2016, less than two years later. Even if the statute of limitations began to run when plaintiffs started working for EC Commodities rather than when EC Commodities failed to pay them, *see Rodriguez v. Queens Convenience Deli Corp.*, 2011 WL 4962397, at *2 (E.D.N.Y. Oct. 18, 2011) (noting that the limitations period starts running when the employee begins working for the employer), plaintiffs' claims would still be timely. The limitations period for willful violations of the FLSA is three years. 29 U.S.C. § 255(a). When a defendant defaults, its violation of the FLSA is considered willful, and the three year limitations period applies. *Rodriguez*, 2011 WL 4962397, at *2.

Plaintiffs have failed, however, to state viable claims under the NYLL. All of the work plaintiffs claimed they performed without being properly compensated took place in Maryland and not in New York. Recently, in *Klapakis v. AMK Contracting Corp. et al.*, the court considered whether the NYLL applied to labor that was, as here, performed outside of New York. The Court determined that, although the company had an office in New York and plaintiff resided in New York, the NYLL did not apply.[2] No. 14-CV-04806 (AMD) (E.D.N.Y. May 17, 2017). As the court noted, "[u]nder New York law, it is a settled rule of statutory interpretation, that unless expressly stated otherwise, no legislation is presumed to be intended to operate outside the territorial jurisdiction of the state . . . enacting it." *Warman v. Am. Nat'l Standards Inst.*, 2016 WL 3676681, at *2 (S.D.N.Y. July 6, 2016) (quoting *Magnuson v. Newman*, 2013

---

[2] Plaintiff in *Klapakis* alleged in an affidavit submitted in opposition to summary judgment that he resided in New York at all times relevant to the case and that defendants had offices there. Klapakis Aff. ¶ 4, Docket Entry 64 in 14-CV-4806.

WL 5380387, at *5 (S.D.N.Y. Sept. 25, 2013)). Although the "NYLL is silent on its extraterritorial application," several courts within the Second Circuit have declined to apply it extraterritorially. *Id*. (citing, among other cases, *Magnuson*, 2013 WL 5380387, at *5; *O'Neill v. Mermaid Touring Inc.*, 968 F. Supp. 2d 572, 578 (S.D.N.Y. 2013); *Hammell v. Paribas*, 1993 WL 426844, at *1 (S.D.N.Y. Oct. 22, 1993)). Because plaintiffs assert claims for wages and overtime pay based on labor performed outside of New York State, the NYLL does not apply.

Having concluded that plaintiffs have established the threshold requirements for invoking the FLSA but not NYLL, I now turn to the substance of plaintiffs' claims.

      i.    <u>Unpaid Wages and Overtime Wages</u>

The three plaintiffs who were paid based on hourly rates—Asrorov, Demarcuks, and Petrianyk—have each established defendants' liability for violations of federal minimum wage and overtime pay mandates. The two plaintiffs paid on a weekly basis—Romik and Dzhura Aminov—have established liability for violations of federal minimum wage violations.[3] Federal law provides that hourly employees must be paid one and one-half times their regular rate for overtime, or time worked above forty hours per week. 29 U.S.C. § 207(a)(1). Plaintiffs each affirm that they often worked more than 40 hours during some weeks between May 2014 and December 2014, for which they were paid the proper wages and overtime, if applicable. Compl. ¶¶ 27-30. However, these plaintiffs also claim that they were not paid at all for the weeks ending on December 17, 2014 and December 24, 2014, and are accordingly entitled to recover their wages for those weeks.

---

[3] Plaintiffs in this case who were paid weekly, Romik Aminov and Dzhura Aminov, are not alleging overtime pay violations because they received one set salary amount per week. *See* Mem. in Supp. of Def. J. at 7, 9. However, as discussed below, I calculate regular and overtime wages for these plaintiffs because they are not entitled under the FLSA to recover the weekly wages they claim they were promised.

7

      ii.      Unreimbursed Expenses

Each plaintiff also seeks to recover unreimbursed travel and lodging expenses under the NYLL. Compl. ¶¶ 1, 58-63. However, as discussed above, the NYLL does not apply in this case. Accordingly, I recommend that plaintiffs' claims for unreimbursed expenses be rejected.

C. *Damages*

Having concluded that the complaint establishes defendant's liability as described above, I now assess the damages plaintiffs are entitled to recover. Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not. *Greyhound Exhibitgroup*, 973 F.2d at 158 (internal citation omitted). A court must ensure that there is a basis for the damages sought by a plaintiff before entering a judgment in the amount demanded. *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). This determination may be made based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence. Fed. R. Civ. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991); *Fustok*, 873 F.2d at 40. Plaintiffs have submitted a memorandum of law and a declaration detailing how they calculated their damages. Mem. in Supp. of Def. J. at 7-9, Ex. A ("Bryan J. An Aff."), Docket Entry 15.1. Defendants have not submitted any opposition to plaintiffs' calculation of damages. Accordingly, I conclude that a hearing is not required.

As noted above, plaintiffs seek compensatory damages under federal law for two weeks: the week ending December 17, 2014 and the week ending December 24, 2014.[4] Mem. in Supp.

---

[4] Plaintiff Romik Aminov claims in the Motion for Default Judgment that, in addition to the two weeks in December, defendant failed to pay wages to Romik for the weeks ending May 28, 2014, September 17, 2014, and September 24, 2014. Mem. in Supp. of Def. J. at 3. However, the complaint states that plaintiffs "were compensated accordingly for the initial months," and that only "beginning with the week ending on December 17, 2014, Plaintiffs were abruptly not paid their wage." Compl. ¶¶ 27-28. Nowhere in the complaint are the weeks in May or September mentioned. Because the default judgment "must not differ in kind from, or exceed in amount,

8

of Def. J. Plaintiffs also seek liquidated damages, prejudgment interest, and costs.[5] I set out my calculations of these damages below.

A plaintiff asserting claims under the FLSA "need not compute FLSA damages with precision. The burden is on an employer properly to record hours, and an employee need only as a *prima facie* matter present an estimate of damages that is satisfactory as 'a matter of just and reasonable inference.'" *Harold Levinson Assocs., Inc. v. Chao*, 37 Fed. Appx. 19, 20-21 (2d Cir. 2002) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946)). As such, when an employer defaults and produces no records, "courts have held that the plaintiff's recollection and estimates of hours worked are presumed to be correct." *Perero v. Food Jungle, Inc.*, 2006 WL 2708055, at *5 (E.D.N.Y. Aug. 7, 2006) (internal quotation marks and citations omitted). Plaintiffs' counsel has submitted calculations reflecting the number of hours plaintiffs claim they worked, and the wages they claim are owed. Mem. in Supp. of Def. J. at 7-8. The calculations also reflect plaintiffs' demands for liquidated damages. *Id.* Finally, plaintiffs' counsel has also identified the costs plaintiffs have incurred in this case. *Id.* at 9 n.1.

    *i.    Compensatory Damages*

Plaintiffs have submitted several documents in support of the damages they each seek. *See* Docket Entries 15.1-15.14. I have reviewed the damages calculations made in the Memorandum in Support of Default Judgment and have considered those calculations in conjunction with plaintiffs' available timesheets, paystubs, and affidavits. I find that plaintiffs' calculations warrant adjustment.

Most significantly, although plaintiffs seek to recover the wages they were promised for

---

what is demanded in the pleadings," Fed. R. Civ. P. 54(c), the three weeks in May and September are not included in the damages calculations.
[5] Plaintiffs have not requested attorneys' fees at this time, but suggest they may seek them by separate motion. Mem. in Supp. of Def. J. at 9.

9

the work they performed during the two weeks in question, that relief is not available under the FLSA. Rather, Section 206(a) of the FLSA states only that employers must pay their employees a minimum wage. Section 207(a), the FLSA's overtime provision, states that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the *regular rate at which he is employed*." 29 U.S.C. § 207(a)(1) (emphasis added). Finally, employees who have established a violation of 29 U.S.C. § 206 or § 207 are entitled to recover "the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be." 29 U.S.C. § 216(b). *See also Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 110 (2d Cir. 2013). Thus, as courts have noted, "[t]he language and function of § 207(a) differs from § 206(a) . . . Section 207(a) requires overtime payments to be made at one and one-half times the 'regular rate.' . . . The particular wording of § 207(a), which is the basis of the overtime cases, is not found in § 206(a), which simply requires minimum wage payments." *U.S. v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 493-494 (2d Cir. 1960).

This distinction means that, unlike the NYLL, which allows plaintiffs to recover their typical hourly rates for unpaid wages claims, the FLSA does not; the FLSA allows employees who are not paid for their labor to recover only the minimum wage for the regular hours they worked. *Kang v. Inno Asset Development, LLC*, 2011 WL 1674554, at *3 (E.D.N.Y. Jan. 28, 2011) (citing *Yin v. Kim*, 2008 WL 906736, at *4 (E.D.N.Y. Apr. 1, 2008)). *See also Lundy*, 711 F.3d at 116 (noting that the FLSA provides no recourse "[s]o long as an employee is being paid the minimum wage or more," and that the FLSA does not "creat[e] a federal remedy for all wage disputes—of which the garden variety would be for payment of hours worked in a 40-hour work

week"). While the application of these sections of the FLSA may produce what seems to be an odd result, with regular hours compensated at the minimum wage rate and overtime hours at one and one-half an employee's promised hourly rate, the result logically follows from the different functions of Sections 206 and 207:

> The former is directed at providing a minimum living standard, and can be satisfied [so long as it] can [be] sufficient to provide that minimum. Section 207(a), on the other hand, is concerned also with deterring long hours by making such long hours more expensive for the employer. This purpose can be successfully accomplished only if the base for computing 'time and a half' is the regular, rather than the minimum, wage. Otherwise an employer whose regular rate was one and one-half times the minimum would face no incentive to avoid overtime.

*Klinghoffer Bros. Realty Corp.*, 285 F.2d at 494.[6]

Thus, under the FLSA, plaintiffs are entitled to recover only $7.25 per regular hour worked during the two weeks they were not paid.[7] *See Lundy*, 711 F.3d at 116 ("So long as an employee is being paid the minimum wage or more, FLSA does not provide recourse for unpaid hours below the 40-hour threshold, even if the employee also works overtime hours the same week"). However, for their unpaid overtime hours, "[t]he FLSA mandates that [a covered employee] be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week," *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013) (citing 29 U.S.C. § 207(a)). Thus, the overtime rates for those plaintiffs who were paid by the hour are properly calculated by "multiplying [plaintiff's] regular hourly rate . . . by one and one-half. That rate then is multiplied

---

[6] Plaintiffs might have been able to recover the damages they seek pursuant to a claim for breach of contract. *See Lundy*, 711 F.3d at 116; *Klinghoffer Bros. Realty Corp.*, 285 F.2d at 494 n.2. But plaintiffs did not assert a breach of contract claim, and the Court therefore may not award contract damages. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings"); *Ames v. STAT Fire Suppression, Inc.*, 227 F.R.D. 361, 362 (E.D.N.Y. 2005) (noting that "Rule 54(c) limits the damages recoverable by a plaintiff following a default judgment to the type and quantity of damages demanded in the complaint").

[7] At all times relevant here, the federal minimum wage has been $7.25 per hour. 29 U.S.C. § 206(a)(1)(C).

11

by the number of hours in excess of forty hours the employee worked each week. The resulting total represents the amount of overtime wages that the employee is entitled to recover." *Rosendo v. Everbrighten Inc.*, 2015 WL 1600057, at *4 (S.D.N.Y. Apr. 7, 2015).

Of the three plaintiffs who were paid hourly—Asrorov, Demarcuks, and Petrianyk—only Asrorov submitted an affidavit, timesheets, *and* paystubs. Mem. in Supp. of Def. J. at Ex. E (Affidavit of Sherzod Asrorov, or "Asrorov Aff."); Ex. F (Asrorov timesheets and paystubs), Docket Entries 15.6-15.7. Demarcuks submitted only timesheets, and Petrianyk submitted only paystubs. Mem. in Supp. of Def. J. at Ex. G (Demarcuks timesheets); Ex. H (Petrianyk paystubs), Docket Entries 15.8-15.9. None of the hourly wage plaintiffs provided information about how much they expected to be paid during the two weeks at issue. In their complaint, these plaintiffs allege only that they were each paid "up to" a certain amount per hour, and acknowledge that their hourly rates "widely fluctuated from week to week." Compl. ¶¶ 20-23. Asrorov makes a similar assertion in his affidavit. Asrorov Aff. ¶ 6.

For the reasons stated above, I calculate the overtime wages owed to Asrorov and Petrianyk by applying the lowest of the various hourly rates indicated in the paystubs they have provided, which I have determined to be $21.33 for Asrorov and $18.94 for Petrianyk. The third plaintiff, Demarcuks, did not submit paystubs. I therefore calculate overtime damages for him using the lowest hourly rate indicated for Asrorov or Petrianyk, or $18.94. I have determined the hours worked during the two weeks in question in a somewhat different manner for each plaintiff. Although Asrorov has submitted timesheets, they do not cover the two weeks in issue. In his affidavit, though, Asrorov attests that he worked 70 hours during the week ending December 17, 2014, and 53 hours during the week ending December 24, 2014. Asrorov Aff. ¶ 7. The timesheets submitted by plaintiff Demarcuks indicate that he worked the same number of

hours as claimed by Asrorov. For plaintiff Petrianyk, who has not submitted his timesheets for the two weeks in question, I calculate damages using the hours per week indicated in the time sheets submitted by Demarcuks, because plaintiffs indicate that they "generally had the same duties and work schedule" throughout their employment with EC Commodities. Asrorov Aff. ¶ 10.

The two plaintiffs who were paid weekly, Romik Aminov and Dzhura Aminov, have provided their timesheets; in addition, Romik Aminov has provided bank deposit slips and Dzhura Aminov has submitted paystubs and an affidavit. Mem. in Supp. of Def. J. at Ex. D (Romik Aminov timesheets and deposit slips); Ex. I (Affidavit of Dzhura Aminov, or "Dzhura Aff."); Ex. J (Dzhura Aminov timesheets and paystubs), Docket Entries 15.5, 15.10, 15.11. These records support plaintiffs' claims that Romik Aminov was paid $3,000 per week and Dzhura Aminov was paid $1,200 per week. These records also show that Romik Aminov worked 82 hours during the first week at issue and 53 during the second, and that Dzhura Aminov worked 60 hours during the first week at issue and 56 during the second.

Because Romik and Dzhura Aminov were paid a fixed weekly amount regardless of the hours they worked, I apply the fluctuating workweek method ("FWW") to calculate the amount of wages they are owed. "[W]here an employee has a 'mutual understanding with his employer that he will receive a fixed amount as straight-time pay for whatever hours he is called upon to work in a workweek, whether few or many,'" "[t]he fluctuating workweek method [("FWW")] is the approved method for arriving at the regular hourly rate for overtime purposes." *Ramos v. Telgian Corp.*, 176 F.Supp.3d 181, 193 (E.D.N.Y. 2016) (quoting *Luo v. L&S Acupuncture, P.C.*, 2015 WL 1055084, at *7 (E.D.N.Y. Jan. 23, 2015) (alterations and citation omitted)). Under this method, an employee's "regular hourly rate is determined by

13

dividing the fixed weekly salary by the number of hours the employee actually works in a particular week." *Ramos.*, 176 F. Supp. 3d at 193. I therefore calculate Romik and Dzhura Aminov's regular and overtime hourly rate by dividing the respective weekly salary each earned by the number of hours worked in each of the two weeks at issue, and then multiplying that amount by one and one-half.

Based upon the above, I calculate and respectfully recommend that plaintiffs be awarded unpaid minimum and overtime wages for the two weeks at issue in the amounts indicated in the following chart:

| Name | Hourly Wage for Unpaid Wages Damages Calculation | Regular Rate for Overtime Damages Calculation | Regular Rate for Overtime Multiplied by 1.5 | Hours Worked Week of 12/17/14 | Hours Worked Week of 12/24/14 | FLSA Damages including Overtime |
|---|---|---|---|---|---|---|
| Romik Aminov | $7.25 per hr | $36.59 wk1, $56.60 wk2 | $54.88 wk1, $84.91 wk2 | 82[8] | 53 | **$3,988.79** |
| Sherzod Asrorov | $7.25 per hr | $21.33 per hr | $31.995 per hr | 70 | 53 | **$1,956.00** |
| Sergejs Demarcuks | $7.25 per hr | $18.94 per hr | $28.41 per hr | 70 | 53 | **$1,801.63** |
| Mykolo Petrianyk | $7.25 per hr | $18.94 per hr | $28.41 per hr | 70 | 53 | **$1,801.63** |
| Dzhura Aminov | $7.25 per hr | $20.00 wk1, $21.43 wk2 | $30.00 wk1, $32.14 wk2 | 60 | 56 | **$1,694.24** |

ii. *Liquidated Damages*

Liquidated damages of one hundred percent of the amount awarded in compensatory damages are available under the FLSA where the employer's actions were not taken in good faith. 29 U.S.C. §§ 216, 260. An employer who defaults fails to make a showing of good faith. *Rodriguez*, 2011 WL 4962397, at *4 (citing *Wicaksono v. XYZ 48 Corp.*, 2011 WL 2022644, at *6 (S.D.N.Y. May 2, 2011)). I therefore recommend that plaintiffs be awarded liquidated

---

[8] Romik Aminov's timesheet states that a total of 76 hours were worked this week; however, the daily entries comprising that total in fact add to 82 hours. *See* Mem. in Supp. of Def. J. at Ex. D. I assume a mistake in addition on the timesheets and calculate damages for the 82 hours it appears Romik Aminov worked.

14

damages in an amount equal to their unpaid wages, as indicated in the chart below.

| Name | FLSA Damages including Overtime | FLSA Liquidated Damages (100%) | Total |
|---|---|---|---|
| **Romik Aminov** | $3,988.79 | $3988.79 | **$7,977.58** |
| **Sherzod Asrorov** | $1,956.00 | $1,956.00 | **$3,912.00** |
| **Sergejs Demarcuks** | $1,801.63 | $1,801.63 | **$3,603.26** |
| **Mykolo Petrianyk** | $1,801.63 | $1,801.63 | **$3,603.26** |
| **Dzhura Aminov** | $1,694.24 | $1,694.24 | **$3,388.48** |

    *iii.    Prejudgment Interest*

Plaintiff also requests prejudgment interest on the damages awarded pursuant to state law. Compl. ¶ 2. Prejudgment interest is not available in addition to liquidated damages under the FLSA. *See Santillan v. Henao*, 822 F. Supp. 2d 284, 298 (E.D.N.Y. 2011) (citing *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1064 (2d Cir. 1988)). Accordingly, I recommend that plaintiffs' demand for prejudgment interest be denied.

    *iv.    Costs*

Finally, plaintiffs seek to recover the $400 filing fee they paid when they filed this case, $150 for process server fees incurred to serve the two defendants, and $50 for mailing and copying costs. Mem. in Supp. of Def. J. at 9 n.1. Although these costs are not documented, they are supported by an affirmation of plaintiffs' counsel. Bryan J. An Aff. ¶ 14. The costs are reasonable, and I respectfully recommend that they be awarded.

## CONCLUSION

In sum, I respectfully recommend that plaintiffs be awarded the damages and costs discussed above, as follows: $7,977.58 to Romik Aminov; $3,912.00 to plaintiff Sherzod Asrorov; $3,603.26 to plaintiff Sergejs Demarcuks; $3,603.26 to plaintiff Mykolo Pertrianyk; $3,388.48 to plaintiff Dzhura Aminov; and $600 in costs.

Any objections to the recommendations made in this Report must be made within

fourteen days after filing of this Report and Recommendation and, in any event, on or before July 20, 2017. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day limit). Plaintiff shall forthwith serve copies of this Report and Recommendation upon the defaulting defendant at its last known address and file proof of service with the Court.

SO ORDERED.

/s/
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
July 6, 2017

U:\#AMP 2016-2017\Aminov et al v. EC Commodities Corp. et al\R&R FINAL.docx