UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROMIK AMINOV, SHERZOD ASROROV, SERGEJS DEMARCUKS, MYKOLO PETRIANYK, and DZHURA AMINOV,

   Plaintiffs,

-against-

EC COMMODITIES CORP
and THOMAS PETRIZZO, individually,

   Defendants.

Index No.: 16-cv-04800-AMD-SMG

**PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pursuant to Federal Rule of Civil Procedure 72(b), Plaintiffs, ROMIK AMINOV, SHERZOD ASROROV, SERGEJS DEMARCUKS, and MYKOLO PETRIANYK (collectively "plaintiffs"), respectfully object to Magistrate Judge Steven M. Gold's Report and Recommendation (Docket #19) (hereinafter "R&R", attached to this Memorandum as Exhibit A) solely to the extent that the R&R:

- Denied plaintiff Romik Aminov's claim for unpaid wages for the weeks ending May 28, 2014, September 17, 2014, and September 24, 2014 (R&R, p. 8-9, footnote 4); and

- Calculated the overtime wages for plaintiffs Sherzod Asrorov, Sergejs Demarcuks, and Mykolo Petrianyk's at the lowest of their respective hourly rates (R&R, p. 12).

Accordingly, for the reasons cited below, Plaintiffs respectfully request that the R&R should be upheld as to all issues other than those three cited above, and modified to the extent that:

1

  a)  Plaintiff Romik Aminov should receive unpaid wages for the weeks ending May 28, 2014, September 17, 2014, and September 24, 2014; and

  b)  Plaintiffs Sherzod Asrorov, Sergejs Demarcuks, and Mykolo Petrianyk's should receive all unpaid wages at the highest of the various hourly rates in the paystubs they have provided, or, at minimum, at the average of said various hourly rates.

## ARGUMENT

**I. The unpaid wages in May and September should be included in the damages calculations for plaintiff Romik Aminov**

It is respectfully submitted that this court retains the discretion to determine whether a final default judgment is appropriate. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). However, it is also respectfully submitted that "Rule 55(b)(2) of the Federal Rules of Civil Procedure gives courts discretion to determine whether an evidentiary hearing is necessary or whether detailed affidavits or documentary evidence are sufficient." *Reliance Commc'ns LLC v. Retail Store Ventures, Inc.*, No. CV 12-2067 (ADS) (AKT) (E.D.N.Y. Aug. 07, 2013); *see Action S.A. v. Marc Rich and Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1989). Furthermore, "The Second Circuit has approved the holding of an inquest by affidavit, without an in-person court hearing, 'as long as [the Court has] ensured that there was a basis for the damages specified in the default judgment.'" *Id.* (quoting *LaBarbera v. Les Sub-Surface Plumbing, Inc.*, No. 06-CV-3343 (E.D.N.Y. Apr. 3, 2008).

Here, the R&R states in footnote 4 that "the three weeks in May and September are not included in the damages calculations" for plaintiff Romik Aminov, in light of Fed. R. Civ. P. 54(c). R&R, p. 8-9. However, this is contrary to the bank statements produced by plaintiff Romik Aminov, which clearly show a failure to pay his earned wages during the weeks in question. See Docket 15-5, Exhibit D (Romik Aminov's Timesheets and Deposit Statements),

pp. 18, 22.  In fact, the month of September shows only one check deposit on September 9, 2014, while the next "cash" deposit in October being the $820.00 entry on October 8, 2014.  Plaintiff Romik Aminov is then paid two checks on October 20, 2014 and October 21, 2014.  Although the three weeks in May and September were not specifically referenced in the Complaint, it is respectfully submitted that the Complaint also requests "Any such other and further relief this Court deems just and equitable."  Compl. p. 9.  In light of the Court's wide discretion to determine "whether detailed affidavits or documentary evidence are sufficient," it is respectfully requested that the three weeks in May and September be included in the damages calculations for plaintiff Romik Aminov.

**II.  Plaintiffs Sherzod Asrorov, Sergejs Demarcuks, and Mykolo Petrianyk should be awarded unpaid overtime wages at the highest rates presented, or, at minimum, at the average of said hourly rates.**

The affidavits of plaintiffs Sherzod Asrorov (Docket 15-5, Exhibit E) and Dzhura Aminov (Docket 15-5, Exhibit I) both identify the hourly rates that plaintiffs Sherzod Asrorov, Sergejs Demarcuks, and Mykolo Petrianyk were expecting.  Furthermore, the paystubs for plaintiffs Sherzod Asrorov (Docket 15-5, Exhibit F) and Mykolo Petrianyk (Docket 15-5, Exhibit H) clearly show that they were consistently paid at rates that are much higher than the lowest rate awarded in the R&R.  It is respectfully requested that this Court not punish plaintiffs for the fact that the defendants unilaterally reduced that amount whenever it suited their needs.

At the very least, the awarded hourly rate for plaintiffs Sherzod Asrorov and Mykolo Petrianyk should be based upon the average of the hourly rates presented in their submitted paystubs.  For plaintiff Sherzod Asrorov, the average hourly rate is $23.20.  For plaintiff Mykolo Petrianyk, the average hourly rate is $20.91.  Finally, in light of the affidavits of Sherzod Asrorov and Dzhura Aminov, which reveal that Sergejs Demarcuks expected a much higher

3

"hourly rate that fluctuated to as much as $30.00 per hour," it is respectfully requested that plaintiff Sergejs Demarcuks's average hourly rate be in line with the higher of the two average hourly rates, or $23.20.

## CONCLUSION

For the reasons cited above, plaintiff Romik Aminov respectfully objects to the portion of the R&R denying him unpaid minimum wages for the three weeks in May and September and plaintiffs Sherzod Asrorov, Sergejs Demarcuks, and Mykolo Petrianyk respectfully object to the portions of the R&R awarding them unpaid overtime wages at their respective lowest hourly rates.  Accordingly, plaintiffs Romik Aminov, Sherzod Asrorov, Sergejs Demarcuks, and Mykolo Petrianyk respectfully request that the final Judgment and Order include such damages as articulated above, as well as all other damages articulated in the R&R.

Dated: July 20, 2017
New York, New York

LEVINE & BLIT, PLLC

/s/ Bryan J. An
Bryan J. An (BA1024)
*Attorneys for Plaintiffs*
350 Fifth Avenue, Suite 4020
New York, NY 10118
(212) 967-3000
ban@levineblit.com