FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JAN 24 2018 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
ROMIK AMINOV, SHERZOD ASROROV,
SERGEJS DEMARCUKS, MYKOLO PETRIANYK
and DZHURA AMINOV

                  Plaintiffs,

               - against -

EC COMMODITIES CORP. and THOMAS
PETRIZZO, individually,

                  Defendants.
-----------------------------------------------------------

**DECISION AND ORDER**

16-cv-4800 (AMD)(SMG)

**ANN M. DONNELLY**, District Judge.

On August 26, 2016, the plaintiffs filed this Fair Labor Standards Act ("FLSA") action against the defendants, EC Commodities, Corp. ("EC Commodities") and Thomas Petrizzo.[1] (ECF No. 1.) On February 17, 2017, the plaintiffs moved for a default judgment against EC Commodities. (ECF No. 15.) In a report and recommendation ("R&R") issued on July 6, 2017, Magistrate Judge Steven Gold recommended that a default judgment be entered on the plaintiffs' FLSA claims, and that the plaintiffs' New York Labor Law claim be denied.[2] (ECF No. 19.) Judge Gold also recommended that the plaintiffs be awarded $22,484.58 in unpaid overtime wages and liquidated damages, and $600 in costs. (ECF No. 19 at 2.) The plaintiffs objected to this part of Judge Gold's recommendation. (ECF No. 20.)

---

[1] Judge Gold stayed the proceedings as to Thomas Petrizzo, who filed for bankruptcy. (ECF Order dated January 23, 2017).

[2] The plaintiffs did not object to this aspect of Judge Gold's recommendation. (ECF No. 1 at 7-9; ECF No. 19 at 6-7.) The court may adopt any sections of the magistrate's report to which a party did not object, as long as the magistrate's decision was not "facially erroneous." *Markey v. Lapolla Indus., Inc.*, No. 12-cv-4622-JS-AKT, 2016 WL 324968, at *3 (E.D.N.Y. Jan. 26, 2016) (citation omitted); *Sleepy's LLC v. Select Comfort Wholesale Corp.*, 222 F.Supp.3d 169, 174 (E.D.N.Y. 2016). I adopt Judge Gold's determination, and deny the plaintiffs' request for default judgment with respect to their New York Labor Law claim.

1

Based on my review of the record and the parties' submissions, I agree with Judge Gold's thorough and well-reasoned R&R, and adopt his recommendation in its entirety.[3]

## BACKGROUND[4]

The plaintiffs allege that the defendants did not pay them for work they did during the weeks of December 17 and December 24, 2014, or for lodging and travel expenses. Judge Gold awarded damages to each of the plaintiffs for unpaid overtime wages and liquidated damages. (ECF No. 19 at 1-2.) The plaintiffs make two specific objections: (1) that Judge Gold should not have denied Romik Aminov unpaid wages for three particular weeks; and (2) that Judge Gold should not have used the "lowest" of the plaintiffs' respective hourly rates to calculate overtime wages for Sherzod Asrorov, Sergejs Demarcuks, and Mykolo Petrianyk. (ECF No. 20 at 1.)

## DISCUSSION

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b).

When a magistrate judge makes a recommendation that is dispositive of a party's claim, the district judge must review *de novo* any part of the magistrate judge's decision to which a party properly objects. Fed. R. Civ. P. 72(b)(3). The court may adopt any sections of the magistrate's report to which a party did not object, as long as the magistrate's decision was not "facially erroneous." *Markey v. Lapolla Indus., Inc.*, No. 12-cv-4622-JS-AKT, 2016 WL 324968, at *3 (E.D.N.Y. Jan. 26, 2016) (citation omitted).

---

[3] Judge Gold determined that a hearing to establish damages was not required. *See, e.g.*, Fed. R. Civ. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991).

[4] The facts of this matter are discussed in greater detail in the R&R. (ECF No. 19.)

If a party does not object to a conclusion in the magistrate judge's report, the argument is waived, and will not be reviewed. *See, e.g., Johnson v. Woods*, 426 F. App'x 10, 11 (2d Cir. 2011) (citing *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003)).

One of the plaintiffs, Romik Aminov, claims that Judge Gold should have awarded him unpaid wages for the weeks of May 28, 2014, September 17, 2014, and September 24, 2014. Judge Gold denied Aminov's claim because he raised it for the first time in the default motion judgment, and because according to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c); ECF No. 19 at 8, n.4. (ECF No. 20 at 2-3.) While Aminov admits that he did not specify these periods in the complaint, he argues that the complaint's boilerplate request for "[a]ny such other and further relief this Court deems just and equitable" should be read to include this time period. (ECF No. 20 at 3.) I agree with Judge Gold. The boilerplate language in the plaintiffs' complaint could not have alerted the defendants that Aminov was making a claim for these three weeks. *See Silge v. Merz*, 510 F.3d 157, 160 (2d Cir. 2007) ("[F]ormulaic language cannot substitute for the meaningful notice called for by Rule 54(c), which anticipates that defendants will look to the demand clause to understand their exposure in the event of default.").

The plaintiffs Sherzod Asrorov, Sergejs Demarcuks, and Mykolo Petrianyk also argue that Judge Gold should not have used the lowest of their hourly rates to calculate their overtime wages[5] (ECF No. 20 at 3-4; ECF No. 19 at 12); instead, they say, Judge Gold should have used the average of their hourly rates to calculate damages because their hourly rates fluctuated, and

---

[5] Judge Gold applied the lowest hourly rates for Sherzod Asrorov and Mykolo Petrianyk based on their paystubs. Because Sergejs Demarcuks did not submit paystubs, Judge Gold applied Petrianyk's lowest hourly rate to Demarcuks, because it was the lowest of the hourly rates reflected in the submitted paystubs. (ECF No. 19 at 12.)

because they were "consistently" paid at rates higher than the lowest rate awarded in the R&R. (ECF No. 20 at 3.) Section 207(a)(1) of the FLSA's overtime provision allows an employee to receive compensation "not less than one and one-half time the regular rate at which he is employed." 29 U.S.C.A. § 207 (West). As Judge Gold observed, the plaintiffs did not have a regular rate; they alleged in their complaint that their "hourly rates widely fluctuated from week to week." (ECF No. 1 at ¶ 20.) Asrorov made the same statement in an affidavit;[6] neither Petrianyk nor Demarcuks submitted affidavits. (ECF No. 1 at ¶¶ 21-23; ECF No. 15-6.) It is the plaintiffs' burden to prove the amount of damages to which they are entitled. *See Fermin v. Las Delicias Peruanas Restaurant, Inc.*, 93 F.Supp.3d 19, 29 (E.D.N.Y. 2015); *Santana v. Latino Express Restaurants, Inc.*, 198 F.Supp.3d 285, 291-92 (S.D.N.Y. 2016). I am aware of no authority – and the plaintiffs do not cite any – for the proposition that where there is no predictable, regular rate, overtime wages should be calculated by the plaintiffs' average hourly rates instead of their lowest hourly rates.

## CONCLUSION

Accordingly, I adopt Judge Gold's R&R in its entirety, grant the plaintiffs' request for a default judgment against EC Commodities with respect to the FLSA claim, and award the plaintiffs the damages as set forth in the R&R.

**SO ORDERED.**

                                               s/Ann M. Donnelly
                                               _____
                                               Ann M. Donnelly
                                               United States District Judge

Dated: Brooklyn, New York
         January 24, 2018

---

[6] Asrorov stated this his "hourly rate fluctuated on a weekly basis." (ECF No. 15-6 at ¶ 6.)